GMK:GMT:cmv

FILED
HARRISBURG, PA

OCT 12 2022

PER _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GERRETT CONOVER,** | : | NO. 3:22-CV-0826 |
| Petitioner | : | |
| | : | |
| v. | : | (Mannion, J.) |
| | : | |
| **WARDEN THOMPSON,** | : | |
| Respondent | : | Filed Under Seal |

## RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS

Respondent opposes Gerrett Conover's Petition for a Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 claiming he is entitled to an 11-month credit against his federal sentence in accordance with 18 U.S.C. § 3584(a), which allows for the ability to award a concurrent sentence. (Doc. 1, Pet.) The Court should dismiss the petition because Conover's sentence has been properly calculated.

### I.   Procedural History

Conover initiated this action on May 25, 2022. (*Id.*) On August 31, 2022, this Court issued an order directing Respondent to show cause why habeas relief should not be granted by September 21, 2022. (Doc. 4, Order.)

After a brief enlargement of time, Respondent now files this response in opposition to Conover's habeas petition.

## II.   Factual Background

Gerrett Conover is a federal inmate currently designated to the Low Security Correctional Institution at Allenwood in White Deer, Pennsylvania. (Ex. 1, Declaration of Ronald Gandy ¶ 3; Attach. A, Public Information Inmate Profile.) Conover is presently serving an aggregate 20-year, 11-month, and 1-day sentence imposed in the Northern District of New York and the District of New Jersey for child pornography offenses. (*Id.*) Conover's anticipated release date is presently calculated as August 23, 2030, based on earned and anticipated good conduct time. (*Id.*)

### A.   Sentencing Facts

On September 16, 2012, Conover was arrested by Homeland Security Investigations Agents in Ogdensburg, New York for Possession of Child Pornography, Case No. DNYN512CR000463-001. (Ex. 1 ¶ 5; Attach. B, USM 129 Individual Custody/Detention Report.) On September 19, 2012, Conover was released on bond. (*Id.*)

On September 20, 2012, Conover was arrested by Homeland Security Investigations Agents in New Jersey for Distribution of Child Pornography, Case No. 1:13-CR-00516-001(NLH). Conover had his initial appearance on September 21, 2012 and was remanded to federal custody. (*Id.* ¶ 6.)

On November 7, 2014, Conover was sentenced by the United States District Court for the Northern District of New York to a 97-month term of imprisonment for Possession of Child Pornography, Case No. 5:12-CR-000463-001. (*Id.* ¶ 7; Attach. C, Judgment and Commitment Order.)

On October 8, 2015, Conover was sentenced by the United States District Court for the District of New Jersey to a 240-month term of imprisonment for Distribution of Child Pornography, Case No. 1:13CR00516-001(NLH). (*Id.* ¶ 8; Attach. D, Judgment and Commitment Order.) At the time of sentencing, the Court ordered this sentence to run concurrent to federal Case No. 5:12-CR-000463-001. (*Id.*)

### III. Question Presented

**Should the Court deny the petition because Conover's sentence was properly calculated?**

**Answer: in the affirmative.**

## IV. Argument

**A.   Conover's Federal Sentence Is Properly Calculated.**

Conover alleges his federal sentences from New York and New Jersey were imposed to run concurrently and interprets this to mean his sentence should not be longer than the lengthiest sentence imposed, or two hundred forty months. (Doc. 1, Pet.) However, this approach over-simplifies the concept of concurrent sentences imposed at different times.

Pursuant to the provisions of Title 18 U.S.C. § 3585(a), and Program Statement 5880-28, Sentence Computation Manual (CCCA of 1984), a sentence cannot begin to run prior to the date on which it is imposed. (Ex. 1 ¶ 9.) As a result, although both terms are running concurrently, each term has a different date of imposition. (*Id.*) In Conover's case, the second term has a full-term effective date that is longer than the first sentence, causing a "concurrent overlap." (*Id.*)

Title 18 U.S.C. § 3584(c), as referenced in Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), requires multiple terms of imprisonment "be treated for administrative purposes as a single, aggregate term of imprisonment." (*Id.* ¶ 10.) The BOP

4


prepared a sentence computation for Conover by aggregating the pre-existing 97-month term with the concurrent 240-month term. (*Id.*; Attach. E, Independent Sentence Computation.)

A concurrent aggregation of sentences is calculated by first adding the original term to the date the sentence was imposed to produce a full-term release date. (*Id.* ¶ 11.) Then, the second term is added to the date it was imposed, to produce the full-term release date of the second term. (*Id.*) The full-term date of the first sentence is then subtracted from the full-term date of the second sentence, to produce the "overlap" between the terms. (*Id.*) The length of the original sentence is then added to the "overlap" portion, to produce the total aggregate length of the sentences. (*Id.*)

In Conover's case specifically, the pre-existing 97-month term (Case No. 5:12-CR-000463-001) commenced on the earliest date possible, i.e., November 7, 2014, resulting in a full-term release date of December 6, 2022. (*Id.* ¶ 12; Attach. E.) The 240-month concurrent term (Case No. 1:13-CR-00516-001) commenced on the earliest date possible, i.e., October 8, 2015, resulting in a full-term release date of October 7, 2035. (*Id.*)

The sentence in Case No. 1:13-CR-00516-001 overlaps the pre-existing 97-month term in Case No. 5:12-CR-000463-001 by 12-years, 10-months, and 1-day. (*Id.* ¶ 13.) When the 12-year, 10-month, 1-day concurrent overlap is added to the pre-existing 97-month (8-year, 1-month) aggregate term, as required by 18 U.S.C. § 3584(c), the result is a 20-year, 11-month, 1-day overall aggregate term. (*Id.*)

The aggregate term has been computed to commence on November 7, 2014, with prior custody credit in the amount of 782 days for time spent in custody from September 16, 2012, through November 6, 2014. (*Id.* ¶ 14.) As a result, Conover has a projected release date of August 23, 2030, via Good Conduct Time (GCT) release. (*Id.*)

Conover argues the court's statements at his sentencing indicated the sentencing judge wished to ensure Conover did not serve more than the 240-month sentence, and he cites to *Ruggiano v. Reish*, 307 F.3d 121 (3d Cir. 2002) in support of the proposition that the sentencing judge had the authority to impose a retroactively concurrent sentence. (Doc. 1 at 10-11.)

*Ruggiano* was abrogated by a 2003 amendment to § 5G1.3 of the sentencing guidelines that expressly prohibits adjustments for "time

6

served on a prior undischarged term of imprisonment" and may consider a downward departure only in extraordinary cases. To avoid confusion with the BOP's exclusive authority provided under 18 U.S.C. § 3585(b) to grant credit for time served, the Sentencing Commission recommended that any downward departure under § 5G1.3 be clearly stated on the judgment as a downward departure. U.S.S.G. §5G1.3 app. Note 3(E); *Escribano v. Schultz*, 330 F. App'x 21, 23 (3d Cir. 2009). This amendment was in place at the time of Conover's sentencing in both federal courts.

In *Ruggiano*, the court indicated it was sentencing Ruggiano to a concurrent sentence with credit for time that he had served. 307 F.3d at 131. In Conover's case, the sentencing transcript he attaches makes clear the judge was deliberating on the ability to set consecutive sentences as opposed to ordering his concurrent sentence to account for the time already served. (*See* Doc. 1-7 at 1.) Conover's sentencing judge did not make any mention of him receiving credit for time he had already served on his 97-month sentence, nor did the sentencing judge indicate he was awarding a downward departure pursuant to § 5G1.3. *Id.*; *see Turner v. Perdue*, No. 3:15-CV-00609, 2017 WL 2570265, at *5–7

(M.D. Pa. May 3, 2017) (report and recommendation adopted June 13, 2017). Accordingly, his sentence has been properly calculated.

## V. Conclusion

For the reasons stated above, Conover's petition is without merit. His sentence has been properly calculated in accordance with federal law and BOP policy; therefore, the petition must be denied.

                                                Respectfully submitted,

                                                GERALD M. KARAM
                                                United States Attorney

                                                s/G. Thiel
                                                G. Thiel
                                                Assistant U.S. Attorney
                                                PA 72926
                                                Cristina M. Vazquez
                                                Paralegal Specialist
                                                228 Walnut Street
                                                Harrisburg, PA 17101
                                                Telephone: (570)348-2800
                                                Facsimile: (570)348-2037
                                                Michael.thiel@usdoj.gov

Date: October 12, 2022

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERRETT CONOVER, | : | NO. 3:22-CV-0826 |
| Petitioner | : | |
| | : | |
| v. | : | (Mannion, J.) |
| | : | |
| WARDEN THOMPSON, | : | |
| Respondent | : | Filed Under Seal |

## CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers. That on October 12, 2022, she served a copy of the attached

## RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

**Addressee:**
Gerrett Conover
Reg. No. 20016-052
FCI Allenwood Low
P.O. Box 1000
White Deer, PA 17887

s/Cristina M. Vazquez
Cristina M. Vazquez
Paralegal Specialist