UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GERRETT CONOVER,** : | |
| Petitioner : | CIVIL ACTION NO. 3:22-0826 |
| v. : | (JUDGE MANNION) |
| **WARDEN THOMPSON,** : | |
| Respondent : | |

### MEMORANDUM

Petitioner, Gerrett Conover, an inmate confined in the Allenwood Federal Correctional Institution, White Deer, Pennsylvania, filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. (Doc. 1). Conover challenges the Federal Bureau of Prisons' ("BOP") prior custody credit determination, claiming that he is entitled to an eleven-month credit against his federal sentence in accordance with 18 U.S.C. §3584(a), which would allow for a concurrent sentence. Id. Specifically, he believes the sentencing court intended for him to serve a 20-year sentence with both federal sentences running fully concurrently, as opposed to his second New Jersey federal sentence running concurrent to his first undischarged New York federal sentence. Id. Thus, he argues that his sentence should run to September 15, 2032, as opposed to his currently projected release date, which he claims is August 16, 2033. Id. A response (Doc. 7) and traverse

(Doc. 10) having been filed, the petition is ripe for disposition. For the reasons that follow, the Court will deny the petition for writ of habeas corpus.

I.  **Background**

On September 16, 2012, Petitioner was arrested by Homeland Security Investigations Agents in Ogdensburg, New York for Possession of Child Pornography, Crim. No. 5:12-CR-000463-001. (Doc. 9 at 11). On September 19, 2012, he was released on bond. (Doc. 9 at 3).

On September 20, 2012, Petitioner was arrested by Homeland Security Investigations Agents in New Jersey for Distribution of Child Pornography, Crim. No. 1:13-CR-00516-001. (Doc. 9 at 3). He had his initial appearance on September 21, 2012, and was remanded to federal custody. Id.

On November 7, 2014, Petitioner was sentenced by the United States District Court for the Northern District of New York to a ninety-seven-month term of imprisonment for Possession of Child Pornography, Crim. No. 5:12-CR-000463-001. (Doc. 9 at 15, Judgment and Commitment Order).

On October 8, 2015, Conover was sentenced by the United States District Court for the District of New Jersey to a 240-month term of

imprisonment for Distribution of Child Pornography, Crim. No. 1:13-CR-00516-001. (Doc. 9 at 22, Judgment and Commitment Order.) At the time of sentencing, the Court ordered "[t]his term of imprisonment imposed by this judgment shall run concurrently with the defendant's term of imprisonment pursuant to the judgment in Docket Number 12-000463-001, Northern District of New York." Id.

## II.     Discussion

As mentioned above, Petitioner argues that his federal sentences from New York and New Jersey were imposed to run concurrently. He interprets this to mean that his sentence should not be longer than the lengthiest sentence imposed, or 240 months. In response, Respondent contends that the BOP correctly calculated Petitioner's sentences. In particular, Respondent argues that the time at issue cannot count against the sentence in Crim. No. 5:12-CR-000463-001, because: (1) a sentence cannot commence prior to its date of imposition, and (2) Petitioner cannot receive prior custody credit, because he has already received credit for that period of time against the sentence in Crim. No. 1:13-CR-00516-001, and the BOP is statutorily prohibited from double-counting. (Doc. 7).

Under our jurisprudence, the "authority to calculate a federal sentence and provide credit for time served ... [belongs] to the Attorney General, who acts through the BOP." Goodman v. Grondolsky, 427 F. App'x. 81, 82 (3d Cir. 2011) (*per curiam*) (citing United States v. Wilson, 503 U.S. 329, 333–35 (1992)). "In calculating a federal sentence, the BOP first determines when the sentence commenced and then determines whether the prisoner is entitled to any credits toward his sentence." Id. (citing 18 U.S.C. §3585).

In the present case, to the extent Petitioner contends that the BOP should have started counting both of his sentences on November 7, 2014, the date of his first sentence, the Court disagrees.

A federal sentence, "commences when the defendant is received by the Attorney General for service of his federal sentence." See, e.g., Rashid v. Quintana, 372 F. App'x 260, 262–63 (3d Cir. 2010) (citing 18 U.S.C. § 3585(a)). "As a result, a federal sentence cannot begin to run earlier than on the date on which it is imposed." Id.; Taylor v. Holt, 309 F. App'x 591, 592–93 (3d Cir. 2009). In other words, "the earliest possible date a federal sentence may commence is the date it was imposed." E.g., Pitts v. Spaulding, No. 15-0644, 2015 WL 8482041, at *4 (M.D. Pa. Dec. 10, 2015) (internal quotation marks omitted).

With those principles in mind, the BOP could not commence Petitioner's New Jersey sentence, in Crim. No. 1:13-CR-00516-001, at any point earlier than its date of imposition, on October 8, 2015. Rashid, 372 F. App'x at 262; Proctor v. Finley, No. 19-630, 2020 WL 618621, at *3 (M.D. Pa. Feb. 10, 2020). At that point, Petitioner was serving his pre-existing New York sentence of ninety-seven months, which commenced on November 7, 2014. As a result, the BOP could not have counted the time between November 7, 2014, and October 8, 2015, as ordinary time served, against Petitioner's New Jersey sentence in Crim. No. 1:13-CR-00516-001. Although both terms are running concurrently, each term has a different date of imposition. In Petitioner's case, the second term has a full-term effective date that is longer than the first sentence, causing a concurrent overlap.

Title 18 U.S.C. §3584(c), as referenced in Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), requires multiple terms of imprisonment "be treated for administrative purposes as a single, aggregate term of imprisonment." The BOP prepared a sentence computation for Petitioner by aggregating the pre-existing ninety-seven-month term with the concurrent 240-month term. (Doc. 9 at 32, Independent Sentence Computation).

A concurrent aggregation of sentences is calculated by first adding the original term to the date the sentence was imposed to produce a full-term release date. (Doc. 9 at 3, Declaration of Ronald Gandy, BOP Management Analyst.). Then, the second term is added to the date it was imposed, to produce the full-term release date of the second term. Id. The full-term date of the first sentence is then subtracted from the full-term date of the second sentence, to produce the "overlap" between the terms. Id. The length of the original sentence is then added to the "overlap" portion, to produce the total aggregate length of the sentences. Id.

Specifically, in Petitioner's case, the pre-existing ninety-seven-month term (Crim. No. 5:12-CR-000463-001) commenced on the earliest date possible, i.e., November 7, 2014, resulting in a full-term release date of December 6, 2022. (Doc. 9 at 31, Sentence Monitoring). The 240-month concurrent term (Crim. No. 1:13-CR-00516-001) commenced on the earliest date possible, i.e., October 8, 2015, resulting in a full-term release date of October 7, 2035. Id.

The sentence in Crim. No. 1:13-CR-00516-001 overlaps the pre-existing ninety-seven-month term in Case No. 5:12-CR-000463-001 by twelve years, ten months, and one day. Id. When the twelve-year, ten-month,

one-day concurrent overlap is added to the pre-existing ninety-seven month (eight-year, one month) aggregate term, as required by 18 U.S.C. §3584(c), the result is a twenty-year, eleven-month, one day overall aggregate term.[1] Id.

The aggregate term has been computed to commence on November 7, 2014, with prior custody credit in the amount of 782 days for time spent in custody from September 16, 2012, through November 6, 2014. (Doc. 9 at 8).

---

[1] 2035-10-07 (Effective Full Term (EFT) of 240-month Concurrent Sentence)
- 2022-12-06 (EFT of 97-month First Sentence)
_____

12-10-01 (Overlap of 12-years, 10-months, 1-day)
+08- 01-00 (97-month term converted into years) 1st sentence
_____
20-11-01 (Length of Single Aggregate Term) 20-years, 11-months,1-day

Proof:

2014-11-07 (Date First Sentence Began)
+ 20-11-01 (Length of Single Aggregate Term)
_____
2035-10-07* (EFT of 240-month Concurrent Sentence)
           *signifies back-up of 1-day, to include date first sentence began in calculation
(Doc. 9 at 32).
- 7 -

As a result, Petitioner has a projected release date of August 23, 2030, via Good Conduct Time (GCT) release. (Doc. 9 at 7).

Petitioner argues the district court's statements at his sentencing indicated the sentencing judge wished to ensure he did not serve more than the 240-month sentence, citing to Ruggiano v. Reish, 307 F.3d 121 (3d Cir. 2002) in support of the proposition that the sentencing judge had the authority to impose a retroactively concurrent sentence. (Doc. 1 at 10-11). Petitioner's reliance upon Ruggiano is misplaced.

The decision in Ruggiano turned on an analysis of Section 5G1.3 of the Sentencing Guidelines which permitted a sentencing judge to credit a defendant for some time served on other charges. However, the Ruggiano court's interpretation of Section 5G1.3 of the guidelines was later expressly abrogated by a 2003 amendment to the guidelines. The abrogation of the Ruggiano holding has been acknowledged by the court of appeals which has found that: "In Ruggiano, we stated that imposing a retroactively concurrent sentence under §5G1.3 is permissible and is properly termed an adjustment, rather than a credit or downward departure. 307 F.3d at 131, 133. But a 2003 amendment to the 5G1.3 Application Notes provided that subsection (c) does not authorize an adjustment for time served on a prior undischarged

term of imprisonment, and that a sentencing court may consider a downward departure in extraordinary cases. See U.S. Sentencing Guidelines Manual §5G1.3 app. note 3(E)." Escribano v. Schultz, 330 F. App'x 21, 23 (3d Cir. 2009). However, to avoid confusion with the BOP's exclusive authority provided under 18 U.S.C. §3585(b) to grant credit for time served, the Sentencing Commission recommended that any downward departure under§ 5G 1.3 be clearly stated on the judgment as a downward departure. Id.

Petitioner's sentencing judge did not make any mention of him receiving credit for time he had already served on his ninety-seven-month sentence, nor did the sentencing judge indicate he was awarding a downward departure pursuant to §5G 1.3. See Turner v. Perdue, No. 3:15-CV-00609, 2017 WL 2570265, at *5-7 (M.D. Pa. May 3, 2017) (report and recommendation adopted June 13, 2017). Thus, Ruggiano does not have the legal force and effect that Petitioner suggests.

Accordingly, the Court finds the Petitioner's sentence has been properly calculated.

### III. Conclusion

For the reasons stated above, the petition for a writ of habeas corpus will be **DENIED**. A separate Order will be issued.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: December 12, 2023**
22-0826-01